HAROLD MARTIN v. SWIFT & COMPANY AND ANOTHER.

130 N. W. (2d) 522.

August 28, 1964—No. 39,163.

*Sigal, Savelkoul, Cohen & Sween,* for relator.
*McLeod & Gilmore,* for respondents.

OTIS, JUSTICE.

In these workmen's compensation proceedings relator, Harold Martin, seeks review of an order of the Industrial Commission affirming a referee's decision that relator is not entitled to benefits for permanent total disability nor for temporary total disability beyond a 50-week healing period. While employed by respondent Swift & Company, relator was injured on August 29, 1950, when a 200-pound side of beef fell 12 or 15 feet from the ceiling striking him on the head. He was hospitalized for 3 or 4 days following the accident and returned to work September 12, 1950, remaining almost steadily employed thereafter until July 8, 1960, a period of nearly 10 years. It appears that during this time relator suffered more or less continuous headaches and neck pain and, more recently, numbness in his left arm and hand. After some heavy lifting on July 8, 1960, he sustained such acute pain he was hospitalized for protracted intermittent confinement from July 17 to November 26 and has not thereafter returned to work. At the hearing before the referee a neurologist, an orthopedist, and a general practitioner testified on relator's behalf. None of them had examined or treated him before 1960. Nevertheless, based on hypothetical questions, they agreed relator was suffering from a protruding intervertebral disc, which was occasioned by the 1950 accident, causing 25- to 35-percent permanent partial disability of the neck and 10- to 15-percent of the left arm. They testified relator was incapable of doing heavy physical work and that his condition was permanent. In addition, there was testimony by the supervisor of the industrial placement section of the Minnesota State Employment Service that relator was no longer employable in the labor market because of his age, education, and disability.

The orthopedist who at the time of the accident attended relator on behalf of respondent employer testified that in his opinion relator's current condition was unrelated to the accident and stated he was unable to find any evidence of an abnormal cervical disc condition. It

was his conclusion that relator suffered from a neurological disorder in no way connected with trauma. In support of respondents' contentions, employer's foreman testified that relator had worked an 8-hour day and a 5-day week for 10 years without complaint and in a competent manner.

The findings of the referee determined that relator was temporarily totally disabled for periods totalling 57 1/6 weeks and ending on the date of the hearing, August 2, 1961. The award was limited to a 50-week healing period plus an additional 95 weeks' compensation based on a finding of 25-percent permanent partial disability of the back and 10-percent of the left arm. The award was affirmed by the commission, one commissioner dissenting because of the failure to award benefits for permanent total disability.

■ It is the position of relator that the commission erred in limiting benefits for temporary total disability to the 50-week healing period authorized by Minn. St. 1949, § 176.11, subd. 3. He asserts that under § 176.11, subd. 1, it was the duty of the commission to continue the payments as long as he was incapacitated but not exceeding 300 weeks. With this contention we agree. There is no support in the record for a finding that temporary total disability terminated at the date of the referee's hearing. The matter is therefore remanded to the commission for whatever further proceedings are appropriate and necessary to establish the duration of relator's temporary total disability adding thereto the undisputed award for permanent partial disability, to the extent the total does not exceed the limits prescribed by statute.

■ Relator asserts that the record compels a finding he is permanently and totally disabled within the meaning of Minn. St. 1949, § 176.11, subd. 5. He argues that the commission's finding of temporary total disability from and after July 8, 1960, necessarily rejects the respondents' medical testimony which indicated no work-connected disability. Relator reasons that in the absence of such testimony the uncontradicted medical evidence requires a finding that relator in his present condition is not suited for any gainful employment which he is capable of pursuing.[1] While there is force to this contention, we are of

[1] See, Jacobson v. Uptown Transfer & Storage Co. 268 Minn. 336, 129

the opinion that the commission could reject that part of respondents' medical testimony which indicated the accident was not connected with relator's present condition, and at the same time adopt the testimony from which it might be inferred relator's condition was of neuropsychiatric origin and susceptible of corrective treatment.[2] In other words, the commission had a right to accept the evidence which supported a conclusion that whatever relator's condition may be, it is not necessarily permanent. It is the peculiar prerogative of the commission to resolve such conflicts in medical testimony, and where its findings have reasonable support in the record it is not the function of this court to decide whether the commission was correct in arriving at the facts.[3] Hence we decline to reverse the finding which rejects the claim of permanent total disability.

Relator is allowed $250 attorney's fee.

**Reversed and remanded.**

---

N. W. (2d) 41; Fink v. Cold Spring Granite Co. 262 Minn. 393, 406, 115 N. W. (2d) 22, 31; Richter v. Shoppe Plumbing & Heating Co. 257 Minn. 108, 112, 100 N. W. (2d) 96, 99; Berg v. Sadler, 235 Minn. 214, 219, 50 N. W. (2d) 266, 269; Lee v. Minneapolis St. Ry. Co. 230 Minn. 315, 319, 41 N. W. (2d) 433, 436.

[2] Ulve v. Bemidji Co-op. Creamery Assn. 267 Minn. 412, 127 N. W. (2d) 147.

[3] Haskin v. County of Hennepin, 268 Minn. 21, 127 N. W. (2d) 522; Engel v. Starry, 268 Minn. 252, 128 N. W. (2d) 874; McGuire v. Viking Tool & Die Co. 258 Minn. 336, 344, 104 N. W. (2d) 519, 526.